THE STATE OF OHIO *v.* GREEN.

(No. 84-TR-D-424A—Decided
May 1, 1984.)

Montgomery County Court.

*Mr. Charles F. Geidner,* for plaintiff.
*Mr. Jacob L. Deutsch,* for defendant.

FROELICH, J. The defendant entered a plea of not guilty to the charge of violating R.C. 4507.35 and the case proceeded to trial.

R.C. 4507.35 provides that:

"The operator or chauffeur of a motor vehicle shall display his license, or furnish satisfactory proof that he has such license, upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. When a demand is properly made and the operator or chauffeur has his license on or about his person, he shall not refuse to display said license. Failure to furnish satisfactory evidence that such person is licensed under sections 4507.01 to 4507.30, inclusive, of the Revised Code, when such person does not have his license on or about his person shall be prima-facie evidence of his not having obtained such license."

By its clear language this section does not prohibit the failure to display a driver's license. Rather, it places an affirmative duty on the operator to display a license or furnish satisfactory proof that he has such a license and goes on to say that failure to furnish such evidence is prima-facie evidence of the operator's not having obtained such a license. The evidence is clear in this case that the defendant did not display his license because he did not at the time have a driver's license issued by the Bureau of Motor Vehicles.

In 1956 Ohio Atty. Gen. Ops. No. 7575, at 923, the Attorney General opined that an operator is not guilty of an offense under the section if he fails to display his license by reason of the fact that such license is not on or about his person or accessible for display, but only if such license is on or about his person and he still refuses to display it. Based on this opinion, the defendant would be not guilty since, because he never had a license, it clearly was not on or about his person or accessible to display.

The section does state that refusal to display a license when the license is on or about the person is prohibited. However, it is very clear from the language of the section that failure to display a license when that license is not on or about the person or, *a fortiori* does not exist, is not a criminal violation, but rather prima-facie evidence of not having a license. In the case at bar, the proper charge is operating a motor vehicle without an operator's license and not R.C. 4507.35, failure to display operator's license.

The separate question, as to whether or not it is a criminal violation to refuse to display a license when the license *is* on or about the person, is not before the court. On the facts before the court, that the defendant did not display an operator's license because the defendant did not have an operator's license, the defendant is found not guilty.

*Defendant not guilty.*